IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA ACTION COMMITTEE,
INC.,

    Plaintiff,

v.                                             Case No. 6:15-cv-1525-Orl-40GJK

SEMINOLE COUNTY and
SHERIFF DONALD F. ESLINGER,
in his Official Capacity as Sheriff
of Seminole County,

    Defendants.
_____/

## JOINT MOTION FOR ABATEMENT OF DISCOVERY AND OTHER DEADLINES

The parties jointly move to abate the current deadlines in this case pending resolution of Plaintiff's Motion for Protective Order and state the following in support:

    1.    Plaintiff filed a Motion for Protective Order (Doc. 38) on December 21, 2015 in order to protect the identities of "John Doe" witnesses listed in the complaint from public disclosure. Defendants opposed the Motion. The Magistrate Judge denied Plaintiff's Motion (Doc. 57).

    2.    Plaintiff filed Objections to the Magistrate's Order on Plaintiff's Motion in the District Court (Doc. 58). The Motion remains pending.

    3.    The discovery deadline in this case is currently November 1, 2016. (Doc. 34) While the parties have exchanged some limited discovery, they have been unable to fully engage in discovery because of the pending Motion for Protective Order.

4. The resolution of the Motion for Protective Order plays a critical role in how the case proceeds. If the District Court agrees with the Magistrate and denies the motion, Plaintiffs intend to take a voluntary dismissal of the case and seek relief through some other means.

5. Conversely, if the District Court disagrees with the Magistrate and grants the Motion, Defendants still need to take discovery and to investigate the claims of the witnesses. Moreover, Plaintiff would then seek more specific information tailored to the experiences of the named witnesses in discovery, which would take time.

6. The parties will require additional time to conduct discovery if this Court grants the abatement and then also grants Plaintiff's Motion for Protective Order.

7. Accordingly, the parties respectfully request that if the Court issues an Order granting the Motion for Protective Order, the Court also grant them leave to submit an amended Case Management Report, which will set new deadlines for discovery, summary judgment, and trial, with an additional 6 months for discovery.

## Memorandum of Law.

A court has broad inherent power to stay discovery and other deadlines until preliminary issues can be settled which may be dispositive of some important aspect of the case. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997, citing *Petrus v. Bowen,* 833 F.2d 581 (5th Cir.1987). While motions to stay are not favored because they can cause case management problems, *id*, "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Meyer v. Diversified Consultants, Inc*., 2014 WL 5471114, at *1 (M.D. Fla. Oct. 29, 2014) *quoting* Middle District Discovery (2001) at 3. In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion

will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. *Feldman*, at 652.

In this case the resolution of the Motion for Protective order may be dispositive of the case. In addition to being potentially dispositive, the Motion for Protective Order involves issues so central to the discovery process that discovery cannot be fully initiated or completed until it is resolved. Under the circumstances of this case the parties respectfully suggest that they have demonstrated good cause and reasonableness for the granting of this Motion.

Respectfully submitted,

s/ Cassandra Capobianco
Cassandra Capobianco
Fla. Bar No. 614734
Florida Institutional Legal Services Project
Florida Legal Services
14260 W. Newberry Road, #412
Newberry, FL 32669
(352) 375-2494 (telephone)
(352) 331-5202 (facsimile)
cassandra@floridalegal.org

Peter P. Sleasman, Esq
Fla. Bar No. 367931
Disability Rights Florida
4723 NW 53rd Ave, Ste. B
Gainesville, Florida 32653
850-488-9071 (telephone)
850-488-8640 (facsimile)
PeterS@DisabilityRightsFlorida.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this pleading was served upon all counsel of record on September 13, 2016.

/s/ Cassandra Capobianco
Attorney for Plaintiff