**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA ACTION COMMITTEE, INC.,

    Plaintiff,

v.                                            Case No:  6:15-cv-1525-Orl-40GJK

SEMINOLE COUNTY and DONALD F.
ESLINGER in his official capacity,

    Defendants.

## ORDER

This cause comes before the Court on Plaintiff's Objections to the Magistrate's Order Denying Plaintiff's Motion for Protective Order (Doc. 58), filed May 16, 2016. On June 2, 2016, Defendants responded. Upon consideration, Plaintiff's objections will be overruled and the Magistrate Judge's Order will be affirmed.

**I.    BACKGROUND**

Plaintiff, Florida Action Committee, Inc. ("FAC"), is a voluntary membership organization which seeks to reform Florida's sexual offender laws and registry. On behalf of its members, FAC initiated this lawsuit against Seminole County and Sheriff Donald F. Eslinger (collectively, "Seminole County") to assert a number of constitutional challenges against Seminole County Ordinance 2005-41 (the "Ordinance"). Relevant to this case, the Ordinance establishes a 1,000-foot exclusion zone around every school, daycare center, park, and playground within Seminole County's jurisdictional limits and proscribes sexual offenders and predators from traveling through or remaining in these exclusion zones. Violation of the Ordinance is a misdemeanor punishable by a fine of up to $500

1

and/or sixty days in jail. FAC contends that the Ordinance is impermissibly vague, violates procedural due process, acts as an unconstitutional ex post facto law, infringes on the first amendment right to freedom of association, and violates the Florida Constitution's guarantee to freedom of intrastate travel. In support of its claims, FAC has identified Does #1–4 (collectively, the "Does") as some of its members who are registered sexual offenders or predators and who have been adversely affected by the Ordinance. In its operative complaint, FAC details the Does' unique experiences regarding the Ordinance and how the Ordinance has impacted their lives.

The parties are currently engaged in discovery. On December 21, 2015, FAC filed a Motion for Protective Order under Federal Rule of Civil Procedure 26(c) to prohibit the public disclosure of the Does' identities. On April 29, 2016, Magistrate Judge Gregory J. Kelly entered an Order denying FAC's motion. (Doc. 57). Magistrate Judge Kelly determined that, after weighing the relevant factors, FAC failed to demonstrate good cause to warrant the issuance of a protective order. FAC now appeals Magistrate Judge Kelly's decision to the undersigned. Seminole County has responded and this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). Regardless of whether a magistrate judge rules on a dispositive or a non-dispositive matter, any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to object to those specific portions of the decision disagreed with. Fed. R. Civ. P. 72(a), (b)(2). When objection is made to the decision of a non-

dispositive matter, as is the case here, the district judge must review the magistrate judge's decision for clear error.  Fed. R. Civ. P. 72(a).  In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that are contrary to law or that, upon review of the entire record, leave the district judge "with the definite and firm conviction that a mistake has been committed."  *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1346–47 (M.D. Fla. 2013) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).  Importantly, the question for the district judge is not whether the magistrate judge's decision is "the best or only conclusion that can be drawn from the evidence, or whether it is the one which the [district judge] would draw," but rather whether the magistrate judge's decision is reasonable and supported by the record.  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

### III.     DISCUSSION

Federal Rule of Civil Procedure 26 permits a district court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party or person moving for a protective order must demonstrate "good cause" for the relief requested.  *Id.*; *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam).  Good cause requires the movant to articulate specific facts, as opposed to "stereotyped and conclusory statements," which justify the protection sought.  *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[1]  Additionally, the Eleventh Circuit "has superimposed a 'balancing of interests'

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

approach" to aid district courts in determining whether good causes exists. *In re Alexander Grant*, 820 F.2d at 356 (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam).

In this case, FAC moved for a protective order to prohibit the public disclosure of the Does' identities. As a preliminary matter, different standards apply when a party seeks to proceed anonymously versus when a non-party witness seeks to shield their identity from the record. As the Magistrate Judge aptly observed in his Order, the Does are not parties to this lawsuit, but are members of FAC who hold knowledge of the disputed issues in this case and have allegedly been affected by the Ordinance. However, although the Magistrate Judge found that the Does are best characterized as witnesses, he determined that the rules governing party anonymity are more instructive than the rules governing non-party witness anonymity in this particular case. The undersigned agrees with the Magistrate Judge's analysis on this point, especially in a case where FAC's associational standing is necessarily predicated on at least one of the Does having individual standing to bring FAC's claims. (*See* Doc. 61, pp. 5–7).[2]

To that end, the Eleventh Circuit has identified several factors for district courts to consider in determining whether a party should be permitted to proceed anonymously, including: (1) whether the party challenges government activity, (2) whether the party will

---

[2] The Court additionally notes that neither party objects to the Magistrate Judge's application of the law governing party anonymity to FAC's motion for protective order.

be "required to disclose information of the utmost intimacy," (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously "pose[s] a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam). Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings. *See id.* at 324.

In his Order, the Magistrate Judge examined all six of the factors listed above. First, the Magistrate Judge found that the Does themselves are not challenging government activity because they are not parties to this case. Second, the Magistrate Judge found that revealing the Does' identities does not constitute the disclosure of intimate information since the Does' identities and the crimes leading to their registration as sexual offenders or predators are already matters of public record. Third, the Magistrate Judge noted that none of the Does appear to be minors. Fourth, the Magistrate Judge found that, although the Does hold sincere fears of facing physical violence for their participation in this litigation, they failed to sufficiently demonstrate that their fears were more than conjectural. Fifth, the Magistrate Judge determined that the Does failed to substantiate that they would be subject to criminal prosecution under the Ordinance were their identities revealed. The Magistrate Judge concluded that these five factors

weighed against a protective order. Regarding the sixth factor, the Magistrate Judge observed that Defendants did not contend that they would be prejudiced by a protective order; consequently, the Magistrate Judge found that this factor weighed in favor of the protective order.

The Magistrate Judge considered two additional factors as well. First, FAC raised the issue of whether denying the protective order would chill this litigation. In its motion, FAC represented that the Does would no longer cooperate as witnesses were they not permitted to proceed anonymously and that this case would fail as a result. The Magistrate Judge found this factor unavailing, however, observing that the Does are not the only witnesses who could aid FAC in pursuing its claims. Second, the Magistrate Judge considered whether the public interest would be served by granting the protective order. The Magistrate Judge ultimately determined that it would not, as the constitutional claims raised by FAC in this case are of great public importance and demand open judicial proceedings. After weighing these eight factors, the Magistrate Judge concluded that FAC failed to demonstrate good cause for the protective order it sought.

FAC now raises three specific objections to the Magistrate Judge's analysis. First, FAC submits that the Magistrate Judge departed from legal authority supporting the need to protect the Does' identities. Second, FAC states that the Magistrate Judge failed to give sufficient weight to evidence demonstrating that the Does are likely to face physical violence should their identities not be protected. Third, FAC asserts that the Magistrate Judge overemphasized the public's interest in open judicial proceedings. FAC reasons that, had the Magistrate Judge correctly weighed the pertinent factors, he would have concluded that a protective order was justified.

On FAC's first objection, the undersigned finds that the Magistrate Judge did not clearly err in applying the law governing party anonymity. It is FAC's position that the Magistrate Judge departed from a line of cases in which plaintiffs proceeded anonymously when challenging the constitutionality of sex offender laws. *See Smith v. Doe*, 584 U.S. 84 (2003); *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003); *Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005); *Doe v. Baker*, No. 05-cv-2265, 2006 WL 905368 (N.D. Ga. Apr. 5, 2006); *Doe v. Pryor*, 61 F. Supp. 2d 1224 (M.D. Ala. 1999).[3] However, as Defendants rightly point out, none of these cases address the issue of anonymity, and FAC provided no further insight in its motion as to why these cases are relevant. The mere fact that a person proceeded anonymously in one case is not helpful in determining whether a person should be permitted to proceed anonymously in another case. Indeed, proceeding anonymously is a rare exception which requires justification. *See Frank*, 951 F.2d at 323. Without any information illuminating why those individuals proceeded anonymously, the Magistrate Judge was not wrong to find the cases cited by FAC unpersuasive.

On FAC's second objection, the undersigned finds that the Magistrate Judge did not clearly err when considering FAC's evidence in support of its argument that the Does might be subjected to physical violence should their identities not be protected. In its

---

[3] The Court notes that FAC cites myriad other cases in its objection which it contends support its position that the Does should be allowed to proceed anonymously. However, FAC never presented these cases for the Magistrate Judge's review. It of course defies logic to claim that the Magistrate Judge erred by failing to consider legal authority which was never offered for his consideration, and the undersigned will decline to entertain new arguments which should have been raised to the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district judge has discretion not to consider arguments never raised to the magistrate judge).

7

motion, FAC offered a study examining public retaliation against registered sex offenders and a number of news articles reporting on incidents of violence against registered sex offenders in Central Florida.  However, FAC produced no evidence indicating that the Does *themselves* faced a threat of violence, leading the Magistrate Judge to conclude that FAC's position was unsupported and conclusory.  To be sure, the good cause required to grant a protective order must be based on more than generalities and speculation.  *See Garrett*, 571 F.2d at 1326 n.3.  As the Magistrate Judge explained in his Order, those courts which have allowed parties to proceed anonymously did so because the party produced particularized evidence demonstrating that he or she would be subjected to violence.  *See, e.g.*, *Doe v. Tandeske*, No. A03-231 CV (JWS), 2003 WL 24085314, at *2 (D. Alaska Dec. 5, 2003) (granting party's request to proceed anonymously where party's attorney submitted affidavit describing experiences with former clients who proceeded with cases in their own names and faced retaliation as a result); *cf. Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying party's request to proceed anonymously where the party did not demonstrate "real, imminent personal danger").  Because FAC did not produce evidence indicating that the Does themselves would be subjected to retaliation, the Magistrate Judge reasonably found that this factor did not weigh in favor of the protective order.

Finally, on FAC's third objection, the undersigned finds that the Magistrate Judge did not clearly err in considering the public's interest in maintaining open judicial proceedings.  FAC contends that the Magistrate Judge overemphasized this factor since the vast majority of this case would remain available to the public if the Does were allowed to proceed anonymously; all that would be hidden is the Does' identities.  However, there

can be no doubt that "[l]awsuits are public events." *Frank*, 951 F.2d at 324.  Allowing a person to proceed anonymously simply because all other aspects of the case remain open to public view would contravene the transparency and openness we must demand of our legal system.  The Magistrate Judge therefore did not overemphasize the public's interest in open judicial proceedings and did not err in finding that this interest outweighed the Does' desire to proceed anonymously, especially in light of FAC's deficient showing with respect to the other factors considered.

## IV. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to the Magistrate's Order Denying Plaintiff's Motion for Protective Order (Doc. 58) are **OVERRULED**.

2. Magistrate Judge Kelly's April 29, 2016 Order denying Plaintiff's Motion for Protective Order (Doc. 57) is **AFFIRMED**.

**DONE AND ORDERED** in Orlando, Florida on October 18, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record